UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, individually and as mother and next friend, of JOHN DOE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOWELL, NRT BUS INC., MARY MOEs 1-5, and MICHAEL MOEs 1-5, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 1:22-cv-10849 <br> * <br> * <br> * <br> * <br> * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendant NRT Bus, Inc.'s ("Defendant") motion to compel a medical examination of Plaintiff John Doe ("John") and an interview of Plaintiff Jane Doe ("Jane") (collectively, "Plaintiffs"). [ECF No. 37]. For the reasons set forth below, the motion is GRANTED as to John, whose interview will not be recorded, and DENIED as to Jane.

I. **BACKGROUND**

Plaintiffs allege that, in the Spring of 2018, John was sexually assaulted on multiple occasions on a school bus operated by Defendant. [ECF No. 19 at ¶ 1 ("Am. Compl.")]. He was eight years old at the time and is 13 today. [Id. ¶ 13; ECF No. 38 at 1]. Since the time of the attack, John has "require[d] medical assistance and mental health treatment," "was diagnosed with PTSD and [a]nxiety," and "struggles in his relationships with his peers, suffers from emotional distress, and suicidal ideation." [Am. Compl. ¶¶ 30, 32, 34].

Jane is John's mother. [ECF No. 42 at 1]. She is a plaintiff in this case in her individual capacity, as John's mother and as John's next friend. [Id.].

Defendant's motion seeks an order compelling an examination of John under Federal Rule of Civil Procedure 35, which allows for a mental examination of a party by a licensed or certified person. Fed. R. Civ. P. 35; see [ECF No. 38 at 1–2]. Defendant proposes that its expert, Dr. Donald Condie, conduct the exam. [ECF No. 38 at 1]. Separately, Defendant wants Dr. Condie to interview Jane before John's interview to discuss John's "family, social, health and school history." [ECF No. 38 at 2]. Defendant concedes that Jane's interview would be voluntary and not pursuant to Rule 35. [ECF No. 45 at 6 n.22].

Plaintiffs oppose the motion in part, explaining that they are "agreeable to an evaluation," but only "if the expert's interactions with John and Jane Doe are audio recorded." [ECF No. 42 at 1]. In its reply, Defendant opposes audio recording the examination and the interview. [ECF No. 45].

## II.   ANALYSIS

Rule 35 provides that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35. The Rule does not address whether and when an audio recording of the examination is appropriate, see id., and the First Circuit and District of Massachusetts courts have not spoken directly on this issue. Other courts have explained, however, that recording an examination is appropriate "only where . . . there is a right to have an attorney present at the examination, . . . special circumstances have been shown, . . . [or] good cause . . . justif[ies] the presence of such a device which will undoubtedly impede on the one-on-one communication between psychiatrist and patient." Picinich v. County of Nassau, No. 18-cv-2018, 2022 WL 3704217, at *2 (E.D.N.Y. Aug. 26, 2022) (quoting Robinson v. De Niro, No. 19-cv-9156, 2022 WL 1210772, at *4 (S.D.N.Y. Apr. 25, 2022)). There is no

"clear rule" as to when an audio recording is appropriate, Silbernagel v. Westfield Ins. Co., No. 22-cv-1979, 2023 WL 2264277, at *2 (D. Minn. Feb. 28, 2023), and the determination in a given case requires a fact-sensitive inquiry, see, e.g., id. at 3 ("This Court finds that whether recording is appropriate is a fact-specific inquiry.").

> Circumstances that justify recording or monitoring can include:
>
> (1) fear that the examiner, as a person retained by an opponent, will improperly conduct the examination to obtain admissions or other damaging concessions from the examinee; (2) fear that the examiner will utilize improper, unconventional, or harmful examination techniques; and (3) a need for emotional support or comfort during the examination.

Mayorga Martinez v. United States, No. 17-cv-8810, 2019 WL 4277803, at *5 (C.D. Cal. Apr. 10, 2019) (citing Hertenstein v. Kimberly Home Health Care, 189 F.R.D. 620, 629 (D. Kan. 1999)). That said, there are substantial countervailing considerations that militate against recording or otherwise monitoring an examination, including:

> 1) the special nature of the psychiatric examinations requires direct and unimpeded one-on-one communication without external interference or intrusion; 2) in contrast to depositions and other forms of discovery, Rule 35 expert examinations are not intended to be adversarial; 3) fairness dictates that if defense counsel cannot be present when a plaintiff is interviewed by a[n expert] who will testify at trial on [her] behalf, then plaintiff's counsel [or family member] cannot be present when plaintiff is examined by defendant's expert ...; and 4) any concerns with distortions or inaccuracies by the examining [expert] can be addressed through traditional methods of impeachment and cross-examination.

[ECF No. 45 at 2 (alteration in original) (quoting King v. Deming, No. 19-cv-30018, 2020 WL 4369702, at * 3 (D. Mass. July 30, 2020))].

As to John, the Court finds that there are no special circumstances here that justify recording. First, there are no allegations that Dr. Condie would improperly conduct the examination or utilize improper, unconventional, or harmful examination techniques; and Plaintiffs have not claimed they need emotional support or comfort during the examination or interview. See Mayorga Martinez, 2019 WL 4277803, at *5. Second, there are no allegations

3

that John has an impaired memory, limited cognitive abilities, or is a non-English speaker. Contra Maldonado v. Union Pac. R.R. Co., No. 09-cv-1187, 2011 WL 841432, at *10 (D. Kan. Mar. 8, 2011) (allowing the recording of a Rule 35 examination in part because the plaintiff was "a non-English speaker[,] . . . [and] the record support[ed] a finding that Plaintiff's memory and other cognitive abilities [were] impaired."). Third, John's examination is psychiatric, not physical like the examination in Willoughby v. Cribbs, No. H-13-1091, 2015 WL 12777189, at *1 (S.D. Tex. May 29, 2015) (allowing the audio recording of an orthopedic exam), and the special nature of psychiatric examinations requires direct and unimpeded one-on-one communication without external interference or intrusion, King, 2020 WL 4369702, at * 3.[1]

Thus, because there are no special circumstances, recording here is not appropriate. See Picinich, 2022 WL 3704217, at *2 (denying an audio recording in part because "Plaintiff ha[d] not demonstrated good cause as to justify the presence of such a device which will undoubtedly impede on the one-on-one communication between psychiatrist and patient."); Ornelas v. S. Tire Mart, LLC, 292 F.R.D. 388, 397 (S.D. Tex. Mar. 28, 2013) (denying audio recording because the plaintiff "failed to proffer any 'special circumstances' unique to his situation which would justify a court order requiring that the examinations be recorded.").

Regarding Jane, as explained above, her interview is not pursuant to Rule 35. [ECF No. 45 at 6 n.22]. She simply "has agreed to be interviewed." [Id.]. The Court is not aware of any rule that entitles Defendant to interview Jane under these circumstances. Should such an

---

[1] Plaintiffs also point to Doe v. District of Columbia, where the court allowed videotaping because the boy being interviewed was 10 years old and had experienced sexual abuse. No. 03-cv-01789, 2005 WL 3828731, at *1 (D.D.C. Aug. 15, 2005). But unlike here, "other examinations in [that] very case ha[d] been videotaped." Id.; cf. King, 2020 WL 4369702, at * 3 ("fairness dictates that if defense counsel cannot be present when a plaintiff is interviewed by a[n expert] who will testify at trial on [her] behalf, then plaintiff's counsel [or family member] cannot be present when plaintiff is examined by defendant's expert").

interview occur, the Court will not order that it be recorded. Because the interview will be voluntary, the parties are free to negotiate whatever conditions they deem appropriate.

Accordingly, Defendant's motion is <u>DENIED</u> as to Jane and <u>GRANTED</u> as to John, and it is ordered as follows:

1. Defendant may examine John at a time and place agreed upon by the parties.
2. Dr. Condie may conduct the interview, which will not be recorded.

**SO ORDERED.**

August 18, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE